L. Barron Hill, J.
Defendants move for alternative relief. They move to dismiss the complaint for failure to state facts sufficient to constitute a cause of action under rule 106 of the Rules of Civil Practice or for judgment on the pleadings under rule 112. Issue has been joined; therefore, defendant is entitled to apply for relief under either rule. A cross motion for judgment on the pleadings by plaintiff has been withdrawn.
This is a taxpayers’ action commenced against the Town Board of the Town of Shelter Island to restrain it from issuing a capital note of the town in the sum of $500 and serial bonds of the town in the amount of $9,500. This money is to be used to purchase real estate to be used for the establishment of a public recreational area in and for said town.
*128 A resolution authorizing the issuance of said note and bonds for the said purpose was duly adopted by defendants on August 15,1955. Pursuant to law, the resolution was further approved by the qualified voters of the town at a special election held on September 9, 1955.
The action was instituted within the time limited in the resolution. The plaintiffs, taxpayers of the town, allege, by their complaint, that the resolution is invalid for failure to comply with section 32.00 of the Local Finance Law. The gravamen of plaintiffs’ complaint is contained in paragraphs “ 13 ” and “ 14 ” thereof, which state as follows: “13. § 32.00 of the Local Finance Law of the State o'f New York provides, in part and insofar as applicable as follows: ‘ Bond resolution and capital note resolution; form and contents.
“ ‘ Every bond resolution or capital note resolution shall be properly dated and shall bear a title indicating the type or types of obligations to which it relates, and shall contain, in substance, at least the following provisions:
“ ‘ 1. A statement of the specific object or purpose or the class of objects or purposes for which the obligations to be authorized by such resolution are to be issued. Each item of such specific object or purpose shall be described in brief and general terms sufficient for a reasonable identification.
“ ‘ 2. If the obligations to be authorized are for a specific object or purpose, a statement of the estimate of the maximum cost of each item o'f such specific object or purpose * * * Such statement shall also set forth the plan for the financing of the total cost of all of the items of such specific object or purpose or of the cost of such class of objects or purposes which shall indicate the sources of the amounts of money which have been previously authorized to be applied to the payment of the total cost of all of such items of such object or purpose or of the cost o'f such class of objects or purposes and the intended source or sources, other than the proceeds of such obligations, of the balance of the money to be so applied. ’
“ 14. The aforesaid Bond Resolution dated August 15, 1955 was invalid for the following reasons: (i) Said Bond Resolution purported to state the specific object or purpose of the obligations but failed to state the same with sufficient clarity to inform the voters as to whether the object or purpose was to acquire the land or to establish a public recreational area, or both (ii) said Bond Resolution purported to state the estimated maximum cost of said object or purpose but failed to state the maximum cost of each item thereof and (iii) said Bond Resolution set *129 forth a plan for financing a part of said object or purpose but failed to state the intended source or sources, other than the proceeds o'f such obligations, of the balance of the money to be applied to said object or purpose.”
The relevant portions of the bond resolution are:
“ BOND RESOLUTION DATED AUGUST 15, 1955 “ A RESOLUTION AUTHORIZING THE PURCHASE OF REAL ESTATE IN THE TOWN OF SHELTER ISLAND, SUFFOLK COUNTY, NEW YORK, TO BE USED FOR THE ESTABLISHMENT OF A PUBLIC RECREATIONAL AREA FOR SAID TOWN, AT A MAXIMUM ESTIMATED COST OF $10,000 AND AUTHORIZING THE ISSUANCE OF $9,500 SERIAL BONDS OF SAID TOWN AND THE ISSUANCE OF A $500 CAPITAL NOTE OF SAID TOWN TO PAY THE COST THEREOF.
“ be it resolved, by the Town Board of the Town of Shelter Island, Suffolk County, Few York, as follows:
“ Section 1. The Town Board of the Town of Shelter Island, F. Y. is hereby authorized to purchase real estate to be used for the establishment of a public recreational area in and for said Town, at an estimated maximum cost of $10,000, said land being generally described as follows:
“ (At this point, there is set forth in the resolution, a description of the property by metes and bounds.)
“ Section 2. The plan of financing such object or purpose is as follows:
“ 1. From the issuance of $500 Capital Fote of said Town, hereby authorized therefor; and
‘1 2. From the issuance and sale of $9,500 serial bonds of said Town, hereby authorized therefor.
“ Section 3. For the purpose of paying part of the cost of the aforesaid object or purpose, there are hereby authorized to be issued a $500 Capital Fote and $9,500 serial bonds of said Town, pursuant to the provisions of the Local Finance Law, the details of which shall be prescribed by a further resolution or resolutions of this Town Board. Such bonds shall mature over a period in excess of five years.
“ Section 4. It is hereby determined that subdivision 21 (a) of paragraph a of Section 11.00 of the Local Finance Law applies to the aforesaid object or purpose, and that the period of probable usefulness thereof is 30 years.
‘ ‘ Section 5. The faith and credit of the Town of Shelter Island, Few York, are hereby irrevocably pledged to the payment of the principal of and interest on such bonds as the same respec *130 tively become due and payable. An annual appropriation shall be made in each year sufficient to pay the principal of and interest on such bonds becoming due and payable in such year. There shall annually be levied on all the taxable real property of the Town of Shelter Island, a tax sufficient to pay the principal of and interest on such bonds as the same become due and payable.
“ Section 6. The aforesaid capital note in the amount of $500 shall be issued and sold prior to the issuance of any bonds or bond anticipation notes.
‘ ‘ Section 7. The validity of such obligations may be contested only if:
“ 1. Such obligations are authorized for an object or purpose for which said Town of Shelter Island, New York, is not authorized to expend money, or
“ 2. The provisions of law which should be complied with at the date of publication of this resolution are not substantially complied with and an action, suit or proceeding contesting such validity is commenced within twenty days after the date of such publication, or
‘1 3. Such obligations are authorized in violation of the provisions of the Constitution.
“ Section 8. This resolution shall become effective upon its being approved by a majority of the qualified electors of said Town voting at an election on a proposition therefor.”
It is apparent from the excellent memoranda of law submitted by both counsel that if the court finds that the resolution complies sufficiently with section 32.00 of the Local Finance Law, the defendants’ motion must be granted under either rule 106 or rule 112.
In determining the sufficiency of the resolution, the court is guided by section 83.00 of the Local Finance Law. This section provides in part:
‘ ‘ 83.00 Contesting of validity of obligations; substantial compliance.
“a. If an action, suit or proceeding contesting the validity of the obligations authorized by such resolution or certificate is commenced * * * the court in which such action, suit or proceeding is commenced shall determine whether or not * * * the provisions of law which should have been complied with were substantially complied with.
1 ‘ L. The court may determine that the provisions of law which should have been complied with were substantially complied with if:
*131 “ 1. They authorized the aggregate amount of obligations authorized by such resolution or certificate.
1 ‘ 2. Such resolution was adopted by the required vote of the finance board or such certificate was duly made by such chief fiscal officer.
“ 3. Such resolution or the proposition for the expenditure of money for the object or purpose for which such resolution authorizes the issuance of obligations, as the ease may be, was adopted at the election or meeting, if any, to which it was submitted.
“ c. Such determination may be arrived at notwithstanding any irregularity or failure to observe a technicality in:
“ 1. The form of such proposition, resolution or certificate.
‘ ‘ 2. The notice of the election or meeting to which such proposition or resolution was submitted or of the meeting at which the finance board adopted such resolution.
“ 3. The time or manner of the service or publication of such notice.
‘ ‘ 4. The conduct of the election, meeting or meetings at which such proposition or resolution was adopted.
‘ ‘ 5. The submission of such proposition more than once within one year or other shorter period than authorized by law.
“ 6. Like matters in such proceedings.”
The note of the Municipal Finance Commission applicable to this section states, in part: “ This validation procedure is derived in part from the procedure contained in article 7 of the General City Law with minor revisions as to the data which such a resolution must contain and as to the requirement of compliance with the necessary provisions of law. The procedure in the General City Law requires full compliance whereas the instant procedure requires only substantial compliance.” (Emphasis mine.)
An examination of the resolution makes it clear that the town is issuing its capital note for $500 and serial bonds for $9,500 for the purchase of the real estate described in the resolution. If the wording of the resolution is subject to criticism, any doubt as to the purpose is resolved by section 4 which provides that clause (a) of paragraph 21 of subdivision a of section 11.00 of the Local Finance Law applies to the aforesaid object or purpose. This section provides: “21. Land Acquisition, (a) The acquisition of land or permanent rights in land not provided for in any other subdivision hereof, thirty years; ”.
If, as contended by plaintiffs, the purpose of the resolution was the establishment of a public recreational area, the applicable section would be paragraph 19 of subdivision a of said *132 section 11.00 which provides as follows: “ 19. Parks, playgrounds and recreational areas. The original improvement or embellishment of a park, playground or recreational area, ten years.”
There is, therefore, only one item being purchased by the town and that is real property; consequently, there is nothing else to be itemized. It is also clear that the maximum amount which can be spent by the town for this purpose is $10,000.
I hold, therefore, that the resolution substantially complies with section 32.00 of the Local Finance Law and in particular that it states with sufficient clarity: (1) that the object or purpose was to acquire the real property and nothing more, (2) the maximum cost of the only item to be purchased, (3) the plan for financing the purchase and source of all the funds to be used to purchase the property.
As a matter of law, then, defendants are entitled to judgment on the pleadings or to a dismissal of the complaint under rule 106.
Defendants’ motion is granted. Settle order.